1

2

3

4

5

6

7

8    UNITED STATES DISTRICT COURT

9    CENTRAL DISTRICT OF CALIFORNIA

10

11   RICHARD S.,[1]                          Case No. 2:21-cv-07452-GJS
             Plaintiff
12
        v.                                   **MEMORANDUM OPINION AND**
13                                           **ORDER**
     KILOLO KIJAKAZI, Acting
14   Commissioner of Social Security,

15           Defendant.

16

17                    **I.    PROCEDURAL HISTORY**

18         Plaintiff Richard S. ("Plaintiff") filed a complaint seeking review of the

19   decision of the Commissioner of Social Security denying his application for

20   Disability Insurance Benefits ("DIB").  The parties filed consents to proceed before

21   the undersigned United States Magistrate Judge [Dkts. 10 and 11] and briefs [Dkts.

22   22 ("Pl. Br."), 25 ("Def. Br."), & 26 ("Reply")] addressing disputed issues in the

23   case.  The matter is now ready for decision.  For the reasons set forth below, the

24   Court finds that this matter should be remanded.

25   _____

26

27   [1]    In the interest of privacy, this Order uses only the first name and the initial of
     the last name of the non-governmental party in this case.
28

## II.   ADMINISTRATIVE DECISION UNDER REVIEW

Plaintiff filed an application for DIB on November 13, 2018, alleging disability beginning August 18, 2015. [Dkt. 15, Administrative Record ("AR") 17, 164-70.] Plaintiff's application was denied at the initial level of review and on reconsideration. [AR 17, 70, 86.] A telephone hearing was held before Administrative Law Judge John Dowling ("the ALJ") on February 18, 2021. [AR 17, 31-54.]

On March 5, 2021, the ALJ issued an unfavorable decision applying the five-step sequential evaluation process for assessing disability. [AR 17-26]; *see* 20 C.F.R. § 404.1520(b)-(g)(1). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity during the relevant period, the alleged onset date of August 18, 2015, through the date last insured of March 31, 2020. [AR 19.] At step two, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease and degenerative joint disease. [AR 19.] At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in Appendix I of the Regulations. [AR 22]; *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. § 404.1567(b), except that Plaintiff is limited to occasional climbing of ramps and stairs, stooping, kneeling, crouching, and crawling, should never climb ladders, ropes or scaffolds, and should avoid concentrated exposure to extreme cold and excessive vibration. [AR 22.] At step four, the ALJ determined that Plaintiff is capable of performing his past relevant work as a sales representative, printing through the date last insured. [AR 26.] Based on these findings, the ALJ concluded that Plaintiff was not disabled at any time from August 18, 2015, through March 31, 2020. [AR 26.]

The Appeals Council denied review of the ALJ's decision on August 3, 2021. [AR 1-6.] This action followed.

Plaintiff raises the following issues challenging the ALJ's findings and determination of non-disability:

1. The ALJ failed to properly consider the severity of Plaintiff's medically determinable mental impairments and the medical opinion evidence. [Pl. Br. at 7-13.]

2. The ALJ failed to properly include a sit/stand option in Plaintiff's RFC. [Pl. Br. at 14-17.]

The Commissioner asserts that the ALJ's decision should be affirmed. [Def. Br. at 1-15.]

## III.   GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence … is 'more than a mere scintilla' … [i]t means – and only means – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) ("[s]ubstantial evidence is more than a mere scintilla but less than a preponderance") (internal quotation marks and citation omitted).

The Court will uphold the Commissioner's decision when "'the evidence is susceptible to more than one rational interpretation.'" *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (quoting *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)). However, the Court may review only the reasons stated by the ALJ in the decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court will not reverse the

3

1    Commissioner's decision if it is based on harmless error, which exists if the error is
2    "inconsequential to the ultimate nondisability determination, or that, despite the
3    error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*,
4    806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

5
6                                **IV.   DISCUSSION**

7          Plaintiff contends the ALJ erroneously found his mental impairments not
8    severe at step two of the sequential evaluation process and improperly rejected the
9    opinion of his psychiatrist, Dr. Markus Horvath.  [Pl. Br. at 7-13.]  As discussed
10   below, the Court agrees with Plaintiff.

11         In February 2020, at the request of Plaintiff, Dr. Horvath wrote a letter to
12   document Plaintiff's psychiatric impairments.  [AR 1111.]  Dr. Horvath stated that
13   he began treating Plaintiff in February 2014, Plaintiff had been diagnosed with panic
14   disorder, generalized anxiety disorder and major depressive disorder, recurrent
15   episode, moderate, and Plaintiff's psychiatric medications included nortriptyline
16   (Aventyl/Pamelor), clonazepam (Klonopin), lamotrigine (Lamictal), and venlafaxine
17   (Effexor XR).  [*Id*.]  Dr. Horvath opined that Plaintiff has "psychiatric symptoms
18   that interfere [and] cause problems with concentration and memory," Plaintiff has
19   "difficulty with panic attacks," and "[d]ue to anxiety and depression, it is hard for
20   [Plaintiff] to maintain attendance at a work site."  [*Id*.]

21         The evaluation at step two is a de minimis test intended to weed out the most
22   minor of impairments.  *See Bowen v. Yuckert*, 482 U.S. 137, 153-154 (1987);
23   *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (stating that the step two
24   inquiry is a "de minimis screening device to dispose of groundless claims").  An
25   impairment is "not severe" if the evidence establishes merely a "slight abnormality
26   that has no more than a minimal effect on an [individual's] ability to work."
27   *Smolen*, 80 F.3d at 1290 (internal quotation marks and citations omitted).
28   / / /

                                         4

1     An ALJ's decision to discredit any medical opinion must be supported by

2   substantial evidence.  *See Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022).  The

3   two most important factors for determining the persuasiveness of medical opinions

4   are "supportability" and "consistency."  *Id.* at 791; 20 C.F.R. § 404.1520c(b)(2),

5   (c)(1)-(2).[2]  "Supportability means the extent to which a medical source supports the

6   medical opinion by explaining the 'relevant ... objective medical evidence.'"

7   *Woods*, 32 F.4th at 791-92 (quoting 20 C.F.R. § 404.1520c(c)(1)).  "Consistency

8   means the extent to which a medical opinion is 'consistent ... with the evidence from

9   other medical sources and nonmedical sources in the claim.'"  *Woods*, 32 F.4th at

10  792 (quoting 20 C.F.R. § 404.1520c(c)(2)).

11     Here, in determining that Plaintiff's mental impairments were not severe, the

12  ALJ rejected Dr. Horvath's opinion because it was inconsistent with his own notes,

13  contradicted by the objective evidence in the record (namely, Plaintiff's mental

14  status examinations and activities), and "a regurgitation of [Plaintiff's] own

15  unsubstantiated complaints."  [AR 21-22.]  The ALJ's stated reasons for rejecting

16  Dr. Horvath's opinion are not supported by substantial evidence in the record.

17     First, the ALJ found that Dr. Horvath's opinion that Plaintiff had difficulty

18  with memory was inconsistent with "the doctor's own notes," as Plaintiff's "mini-

19  mental status examination" showed "no evidence of cognitive impairment, an ability

20  to recall recent events, and coherent and logical mood."  [AR 21.]  The ALJ appears

21  to be referring to Plaintiff's Folstein Mini Mental Status Exam, which Dr. Horvath

22  administered in March 2020.  [AR 20-21, 1165.]  However, Dr. Horvath's opinion,

23  as expressed in his February 2020 letter, was not based on the results of a single

24

25  _____

26     [2]     For claims filed on or after March 27, 2017, the ALJ will not "defer
    [to] or give any specific evidentiary weight, including controlling weight, to any
27  medical opinion(s)," including those from a treating medical source.  20 C.F.R. §
28  404.1520c(a).

1  exam.  Dr. Horvath treated Plaintiff for six years and his notes reflect clinical

2  findings and observations that were consistent with his opinion.  [AR 355 (cautioned

3  Plaintiff about sedative effects of Xanax), 387 (noting Plaintiff's use of medical

4  marijuana and medication can cause memory and cognitive problems), 402 (noting

5  that therapist reported Plaintiff seemed sedated at times), 1133 (warned about

6  gabapentin's side effects including sedation)]; *see also Woods*, 32 F.4th at 790 ("the

7  extent of the claimant's relationship with the medical provider … remains relevant

8  under the new regulations").  Plaintiff reported problems with panic attacks,

9  depressed mood, anxiety, and sleep difficulties and was taking multiple psychiatric

10  medications.  [AR 311, 314, 316, 343, 350, 355, 363, 372, 415, 605, 1140.]  Thus,

11  the ALJ's selective reliance on Plaintiff's March 2020 Folstein Mini Mental Status

12  Exam does not provide a sufficient basis for rejecting Dr. Horvath's opinion.  *See*

13  *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) (explaining that a

14  medical source's "statements must be read in context of the overall diagnostic

15  picture he draws").

16       As to the ALJ's second reason, although consistency with the record is an

17  important factor in evaluating the persuasiveness of a medical opinion, Plaintiff's

18  mental status examinations do not necessarily undermine Dr. Horvath's opinion that

19  Plaintiff's anxiety and depression affect his ability to maintain attendance at work.

20  [AR 21.]  As the ALJ noted, Plaintiff displayed abnormal mood and affect.  [AR

21  21.]  Dr. Horvath often described Plaintiff's mood as "anxious" or "depressed" and

22  his affect as "restricted."  [AR 312, 355, 373, 380, 387, 399, 416 604, 1197, 1316.]

23  Dr. Horvath also reported that additional symptoms were associated with Plaintiff's

24  history of anxiety, depression and panic attacks.  [AR 312, 316, 355, 373, 380, 387,

25  399, 416, 604, 1197, 1316.]  Thus, it does not appear that Plaintiff's unremarkable

26  results in the several other areas of the mental status exam (i.e., appearance, speech,

27  thoughts, cognition, knowledge, and judgment and insight) were inconsistent with

28  Dr. Horvath's opinion concerning Plaintiff's ability to maintain attendance at work.

1   *See*, *e.g.*, *Fife v. Comm'r of Soc. Sec.*, 583 F. Supp. 3d 1344, 1354-56 (W.D. Wash.

2   2022) (finding that mental exams showing intact memory and cognitive functioning

3   did not undermine doctor's opinion concerning plaintiff's impairments due to

4   bipolar disorder and other conditions); *see also Wranich v. Kijakazi*, No. 3:22-CV-

5   0119-HRH, 2022 WL 16960900, at *5 (D. Alaska Nov. 16, 2022) ("Mental status

6   exams are only one piece of evidence ALJs are to consider when assessing a

7   claimant's mental impairments.").

8          Inconsistency with a claimant's activities may serve as a proper basis for

9   rejecting a medical source's opinion. *See Rollins v. Massanari*, 261 F.3d 853, 856

10   (9th Cir. 2001). However, "[o]ccasional symptom-free periods—and even—the

11   sporadic ability to work—are not inconsistent with disability." *Lester v. Chater*, 81

12   F.3d 821, 833 (9th Cir. 1995), *superseded on other grounds by regulation*,

13   Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg.

14   5844, 5852 (Jan. 18, 2017) (codified at 20 C.F.R. pt. 404), *as recognized in Woods*,

15   32 F.4th at 789-90; *see Holohan*, 246 F.3d at 1205 (explaining that when "a person

16   who suffers from severe panic attacks, anxiety, and depression" improves, that

17   "does not mean that the person's impairments no longer seriously affect her ability

18   to function in a workplace"). "[D]isability claimants should not be penalized for

19   attempting to lead normal lives in the face of their limitations." *Reddick v. Chater*,

20   157 F.3d 715, 722 (9th Cir. 1998) (citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th

21   Cir. 1987) (claimant need not "vegetate in a dark room" in order to be deemed

22   eligible for benefits)). Here, the ALJ cited Plaintiff's reports of visiting terminally

23   ill friends and relatives, helping to organize a birthday party for 200 people,

24   planning a weekend retreat, doing some household chores, running errands,

25   managing his money, and taking a friend to the doctor. [AR 21.] However, the ALJ

26   did not explain how any of these activities negated Dr. Horvath's opinion that

27   Plaintiff suffers from panic attacks, anxiety and depression and that his impairments

28   affect his ability to maintain attendance at work. [AR 1111.] Moreover, the record

1    reflects that several of the reported activities appeared to exacerbate Plaintiff's

2    symptoms.  [AR 343, 355, 372, 1135.]  Thus, the ALJ's conclusion that Dr.

3    Horvath's opinion was inconsistent with the record evidence is not an adequate

4    reason for rejecting his opinion.

5         Finally, the ALJ asserted that Plaintiff improperly coached Dr. Horvath on the

6    information included in his February 2020 opinion letter.  [AR 21-22, 1111.]  The

7    ALJ noted that "the record includes a statement from [Plaintiff] telling his doctor

8    what his cousin, who 'works for SSDI' said to do … [and] direct[ing] Dr. Horvath

9    to 'explain that my depression can keep me from consistent attendance at work, and

10   how my anxiety makes it hard to focus on tasks for very long.'"  [AR 21-22, 1171.]

11   The ALJ described Dr. Horvath's opinion as "a regurgitation of [Plaintiff's] own

12   unsubstantiated complaints … consistent with [Plaintiff's] desires."  [AR 22, 1111.]

13   The Ninth Circuit has made clear that it "may not [be] assumed that doctors

14   routinely lie in order to help their patients collect disability benefits."  *Lester*, 81

15   F.3d at 832.  While Plaintiff's statement contains a summary of his subjective

16   symptoms, it does not indicate any impropriety with respect to Dr. Horvath's

17   February 2020 opinion.  The ALJ should not have speculated or assumed that Dr.

18   Horvath's opinion was simply a "regurgitation" of Plaintiff's complaints.  *See*

19   *Lester*, 81 F.3d at 832; *see also Smolen*, 80 F.3d at 1288 ("If the ALJ thought he

20   needed to know the basis of [the doctors'] opinions in order to evaluate them, he had

21   a duty to conduct an appropriate inquiry, for example, by subpoenaing the

22   physicians or submitting further questions to them."); *Brown v. Heckler*, 713 F.2d

23   441, 443 (9th Cir. 1983) ("the ALJ has a special duty to fully and fairly develop the

24   record and to assure that the claimant's interests are considered").

25        Defendant argues that even if Dr. Horvath's opinion had been persuasive, the

26   ALJ's conclusion that Plaintiff's mental impairments were not severe would have

27   been proper based on the medical evidence and opinions of the reviewing medical

28   consultants.  [Def. Br. at 7-8 (citing AR 64, 79-80).]  However, by failing to

1  properly consider Dr. Horvath's opinion, the ALJ failed to address Plaintiff's mental
2  health impairments throughout the remaining steps of the sequential evaluation
3  process.  As such, the ALJ's decision is not supported by substantial evidence.

4       As the circumstances of this case suggest that further administrative
5  proceedings could remedy the ALJ's errors, remand is appropriate.  *See Dominguez*
6  *v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes
7  that further administrative proceedings would serve no useful purpose, it may not
8  remand with a direction to provide benefits."); *Treichler v. Comm'r of Soc. Sec.*
9  *Admin.*, 775 F.3d 1090, 1101, n.5 (9th Cir. 2014) (remand for further administrative
10  proceedings is the proper remedy "in all but the rarest cases"); *Harman v. Apfel*, 211
11  F.3d 1172, 1180-81 (9th Cir. 2000) (remand for further proceedings rather than for
12  the immediate payment of benefits is appropriate where there are "sufficient
13  unanswered questions in the record").

14       Having found that remand is warranted, the Court declines to address
15  Plaintiff's remaining issues.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir.
16  2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to
17  reach [plaintiff's] alternative ground for remand.").

18  / / /
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

1

## V.  CONCLUSION

2        For all of the foregoing reasons, **IT IS ORDERED** that:

3        (1) the decision of the Commissioner is REVERSED and this matter is

4  REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further

5  administrative proceedings consistent with this Memorandum Opinion and Order;

6  and

7        (2) Judgment be entered in favor of Plaintiff.

8

9        **IT IS ORDERED.**

10

11  DATED:  January 11, 2023

12                                    _____

13                                    GAIL J. STANDISH
                                      UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28